UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Jaylon Noel**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Puff for Tobacco, LLC**<br><br>and<br><br>**Mukaram Rashad Alhuthaife**<br><br>Defendant. | No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT** |

Plaintiff, Jaylon Noel ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendants, Puff for Tobacco, LLC and Mukarem Rashad Alhuthaife ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, Ohio Minimum Fair Wage Standards Act ("OMWFSA"), O.R.C. 4111.01, *et seq.* and Fed. R. Civ. P. 23 for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2. Plaintiff, the Collective Members and the Class Members are current and former employees of Defendants. Plaintiff brings this action on behalf of herself and all similarly-situated current and former non-exempt employees (also referred to as the "Covered Positions") of Defendants in Ohio within three years before this Complaint was filed, up to the final adjudication of this case.

1

3. Under the FLSA and OMWFSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek. Defendants failed to pay Plaintiff, the Collective Members and the Class Members one and one-half times their regular rate of pay for all time they spent working in excess of 40 hours in a given workweek. Plaintiff therefore brings Class Action and Collective Action Complaint pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b) for Defendant's violation of federal and Ohio law as detailed further below.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because Defendant is a citizen of this state and headquartered in this district.

6. At all relevant times, Plaintiff has been a resident of Ohio and performed work for Defendants within the state of Ohio.

7. Puff for Tobacco, LLC is headquartered in Athens, Ohio and operates Smoke Shops in Ohio.

8. Defendant Mukaram Rashad Alhuthaife resides in Athens, Ohio and has control over the day-to-day business operations of the corporate Defendant Puff for Tobacco, LLC. Among other things, Aljuthaife has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on each corporation's checking accounts, including payroll accounts, and the authority to participate in decisions regarding employee compensation and capital expenditures. Alhuthaife controls the "purse strings" of his Puff for Tobacco smoke shops, he signs the corporate checks without limitation as to amount;

provides funds to purchase goods, as well as pay employees; and has authority to pay money from the accounts from which Plaintiffs were paid.

9. Puff for Tobacco, LLC regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, is subject to personal jurisdiction in – this judicial district.

10. Plaintiff, the Collective Members and the Class Members in their work for Defendants were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

## PARTIES

11. Plaintiff was a full-time employee of Defendants from approximately September 8, 2023 through approximately November 13, 2023.

12. The Collective and Class Members are all current and former individual who worked for Defendants in the state of Ohio at any point in the three years preceding the filing of this Complaint.

13. The Class and Collective Members are non-exempt from the OMFWSA and FLSA overtime requirements.

14. At all material times, Puff for Tobacco, LLC was an Ohio corporation duly licensed to transact business in the State of Ohio.

15. Under the OMFWSA and FLSA, Defendants were an employer. At all relevant times, Defendants had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Puff for Tobacco,

LLC. As a person who acted in the interest of Puff for Tobacco, LLC. in relation to the company's employees, Puff for Tobacco, LLC is subject to liability under the OMFWSA and FLSA.

16. At all material times, Plaintiff and the Class and Collective Members were employees of Puff for Tobacco, LLC as defined by the OMFWSA and FLSA, 29 U.S.C. § 203(e)(1).

17. At all material times, Plaintiff and the Class and Collective Members were non-exempt employees under 29 U.S.C. § 213(a)(1).

18. Plaintiff has given her written consent to be named party Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

## FACTUAL ALLEGATIONS

19. The Collective Members are all current and former non-exempt employees who worked for Puff for Tobacco, LLC in Ohio at any point in the three years preceding the filing of this Complaint. The Collective Members are non-exempt from the FLSA's overtime requirements.

20. The Class Members are all current and former non-exempt employees who worked for Puff for Tobacco, LLC in Ohio at any point in the three years preceding the filing of this Complaint. The Class Members are non-exempt from the OMFWSA's overtime requirements.

21. Plaintiff worked for Defendants in Athens, Ohio.

22. At all relevant times, Plaintiff was compensated on an hourly basis.

23. During each and every workweek, Plaintiff and the Class and Collective Members were paid on an hourly basis.

24. At all relative times, Plaintiff, the Collective Members and the Class Members have been subject to Defendant's policy of requiring Plaintiff, the Collective Members and the Class Members to work over 40 hours per week.

25. Plaintiff and the Collective Members and Class Members were not paid 1.5 times their regular rates of pay for hours worked above 40 in a work week.

26. Plaintiff and the Collective Members and Class Members were not paid minimum wage for all hours worked.

27. Plaintiff was paid in cash, often as little as $300 per week, after working an average of 60-100 hours per work week. Plaintiff's schedule was 7 days a week, 10-14 hours per day, which included not only time in the smoke shop but also time that she was required to spoend attending dinners with Alhuthaife and his friends after regular work hours.

## **COLLECTIVE ACTION ALLEGATIONS**

28. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

29. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former non-exempt employees of Puff for Tobacco, LLC.

30. Puff for Tobacco, LLC subjected all of their non-exempt employees, including Plaintiff and the Collective Members, to their policy and practice of not paying them minimum wage or overtime in violation of 29 U.S.C. §§ 206 and 207.

31. Plaintiff's claims stated in this Complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all

pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

32. The Collective Members perform or have performed the same or similar work as Plaintiff.

33. Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

34. Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants. that caused harm to all of the Collective Members.

35. As such, Plaintiff brings her FLSA overtime claim as a collective action on behalf of the following class:

> **All of Puff for Tobacco, LLC's current and former non-exempt employees who worked for Puff for Tobacco, LLC at any time from three years preceding the filing of this Complaint to the present.**

36. Puff for Tobacco, LLC's unlawful conduct, as described herein, is pursuant to Puff for Tobacco, LLC's corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

37. Defendants are aware or should have been aware that federal law prohibited them from not paying Plaintiff and the Collective Members all minimum wage and overtime as detailed herein.

38. Defendants' unlawful conduct has been widespread, repeated, and consistent.

39. This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

40. Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## OHIO RULE 23 CLASS DEFINITIONS AND ALLEGATIONS

41. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

42. Plaintiff brings Claims for Relief for violations of Ohio wage and hour laws as a class action pursuant to Rule 23(a), (b)(2), and (b)(3). Plaintiff brings these claims on behalf of herself and all members of the following class comprised of:

43. **Rule 23 Class**

   **The Class Members are all of Defendants' current and former non-exempt employees within Ohio, at any time from three years preceding the filing of this Complaint to the present.**

   **Numerosity (Rule 23(a)(1)).**

44. The Class Members are so numerous that joinder of all members is impracticable. Plaintiff on information and belief alleges, that Defendants' employed greater than 40 people who satisfy the definition of the Class Members.

   a. **Existence of Common Questions of Law and Fact (Rule 23(a)(2)).**

45. Common questions of law and fact exist as to the Plaintiff and the Class Members including, but not limited to, the following:

   a. Whether Defendants unlawfully failed to pay the Class Members all minimum and overtime wages, in violation of the Ohio Minimum Fair Wage Standards Act ("OMFWSA");

7

  b. Whether Defendants unlawfully failed to keep and maintain accurate and true records of the hours worked by the Class Members as required by applicable law; and

  c. The damages sustained and the proper measure of restitution recoverable by members of the Class Members.

### b. Typicality (Rule 23(a)(3)).

46. Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like the Class Members, was subjected to Defendants' illegal scheme to maximize profits by depriving their employees of minimum wage and overtime compensation.

### c. Adequacy (Rule 23(a)(4)).

47. Plaintiff will fairly and adequately represent and protect the interests of the Class Members. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

### d. Injunctive and Declaratory Relief (Rule 23(b)(2)).

48. Class certification of the Rule 23 claims is appropriate pursuant to Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Class Members, making appropriate declaratory relief with respect to the Class Members as a whole.

### e. Predominance and Superiority of Class Action (Rule 23(b)(3)).

49. Class certification of the Rule 23 claims is also appropriate under Rule 23(b)(3) because questions of law and fact common to the Class Members predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices illegally deprived Plaintiff and all similarly situated employees

of wages; thus, making the question of liability and damages much more manageable and efficient to resolve in a class action, compared to hundreds of individual trials. The damages suffered by individual Class Members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

50. Plaintiff intends to send notice to all Class Members to the extent required by Rule 23.

## COUNT ONE: FAIR LABOR STANDARDS ACT

51. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

52. Defendants have a consistent enterprise-wide policy of failing to pay its non-exempt employees minimum wage.

53. Defendants have a consistent enterprise-wide policy of failing and/or refusing to compensate Plaintiff and the Collective Members at one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours.

54. Defendants' failure to compensate Plaintiff and the Collective Members lawfully violates the minimum wage provisions of the FLSA 29 U.S.C. § 206. In all instances wherein Plaintiff and the Collective Members work in excess of forty (40) hours in a given workweek, Defendants' failure to Plaintiff and the Collective Members minimum wages and overtime violates the FLSA 29 U.S.C. § 207.

55. Although at this stage, Plaintiff and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the

Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

56. Defendants knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff and the Collective Members over the course of their employment would violate the FLSA, and Defendants were aware of the FLSA's minimum wage and overtime requirements. As such, Defendants' conduct constitutes a willful violation of the FLSA.

57. As a result of Defendants' failure or refusal to pay Plaintiff and the Collective Members at or above the applicable minimum wage for all hours worked, and Defendants' failure or refusal to pay Plaintiff and the Collective Members one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any given workweek, Defendants violated 29 U.S.C. §§ 206 and 207(a). Plaintiff and the Collective Members are therefore entitled to compensation of one and one-half times their regular rate of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

### COUNT TWO: OHIO MINIMUM FAIR WAGE STANDARDS ACT

58. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

59. "FLSA and Ohio Minimum Fair Wage Standards Act claims are subject to [the] same standards." *Craig v. Landry's, Inc.*, No. 1:16-CV-277, 2016 WL 3406032, at *3 (S.D. Ohio June 21, 2016) (citing *Haight*; *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp.2d 725, 732 (S.D. Ohio 2006); *Pritchard v. Dent Wizard Int'l. Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)).

60. Defendants have a consistent enterprise-wide policy of failing and/or refusing to compensate Plaintiff and the Class Members at or above the applicable minimum wage and at

10

one and one-half times their regular hourly rate for all the time they worked in excess of forty (40) hours in any given workweek.

61. Defendants' failure to compensate Plaintiff and the Class Members at or above the applicable minimum wage violates the minimum wage provisions of O.R.C. § 4111 *et seq*. In all instances wherein Plaintiff and the Class Members work in excess of forty (40) hours in a given workweek, Defendants' failure to compensate Plaintiff and the Class Members 1.5 times their regular rate of pay for time worked over 40 hours in a given workweek violates the overtime provisions of O.R.C. § 4111 *et seq/*.

62. Although at this stage, Plaintiff and the Class Members are unable to state the exact amount owed for all time worked during the course of their employment, Plaintiff and the Class Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

63. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff and the Class Members would violate Ohio law, and Defendants were aware of the Ohio's minimum wage and overtime requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the OMFWSA.

64. As a result of Defendants' failure or refusal to pay Plaintiff and the Class Members all minimum wages and overtime due under Ohio law, Plaintiff and the Class Members are entitled to compensation for all such unpaid wages, to be proven at trial, plus treble damages and interest, reasonable attorney's fees, and costs.

## COUNT THREE: DAMAGES PURSUANT TO ORC § 2307.60 ON BEHALF OF PLAINITFF AND THE CLASS MEMBERS

65. Plaintiffs restates and incorporate the foregoing allegations as if fully rewritten herein.

66. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

67. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiffs and the Class Members have been injured as a result.

68. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages. This includes violations of the FLSA. *See Oglesby v. FedEx Ground Package Sys.*, Case No. 3:20-cv-00346, 2021 U.S. Dist. LEXIS 150689 *11-13 (S.D. Oh. Aug. 10, 2021).

69. As a result of Defendants' violations of the FLSA, Plaintiffs and the Class Members are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

70. Plaintiff and the Collective Members reallege and incorporate by reference all allegations in all preceding paragraphs.

WHEREFORE, Plaintiff, Jaylon Noel, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendants:

A. For the Court to declare and find Defendants committed one or more of the following acts:

   i. violated the minimum wage and overtime provisions of the FLSA;

   ii. willfully violated the minimum wage and overtime provisions of the FLSA;

      iii.    violated the minimum wage and overtime provisions of the OMFWSA; and

      iv.    willfully violated the minimum wage and overtime provisions of the OMFWSA.

B.    For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiff, the Collective Members and the Class Members;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.    For the Court to award all treble damages, interest attorney fees and costs owed to Plaintiff and the Class Members under the OMFWSA;

F.    For the Court to aware Plaintiff and the Class Members compensatory damages, punitive damages, and attorneys' fees and costs in accordance with ORC 2307.60.

G.    For the Court to award Plaintiff's and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

H.    For the Court to provide a reasonable incentive award for Plaintiff to compensate her for the time he spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

I.    Such other relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, the Collective Members and the Class Members hereby demand a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional right to a jury trial.

DATED:  August 3, 2024

                                Respectfully submitted,

                                s/ *Michael L. Fradin*
                                Michael L. Fradin, Esq.
                                8 N. Court St. Suite 403
                                Athens, Ohio 45701
                                Telephone: 847-986-5889
                                Facsimile: 847-673-1228
                                Email: mike@fradinlaw.com